IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| JOHNNY DARRELL CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:05-CV-1185-T |
| | ) |
| MRS. J. WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

_____

## **SPECIAL REPORT**

COME NOW the Defendants in the above-styled cause and submit this Special Report in response to Plaintiff's Complaint. In support the Defendants submit the attached Affidavits of Jennie Wilson (Exhibit "A") with exhibits, and the Affidavit of Desmond Dykes (Exhibit "K".)

### **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges he was denied medical attention. He also complains there is no water sprinkler system nor two way emergency exit in the jail, in case of fire, and no proper ventilation to circulate air.

### **FACTS**

Plaintiff is a long time habitual detainee at the City Jail. The Jail Supervisor is Jennie Wilson. As Jail Supervisor, Ms. Wilson reported to Sergeant Clark who in turn reported to Captain Huskey who then reported to Chief of Police Mangham. Desmond Dykes and Sharon Williams were jailers at the time of plaintiff's complaints. None of

the people sued are responsible for the design or the construction of the jail.

As shown by the Affidavit of Jennie Wilson and attached exhibits, when Clark filed this complaint, he was incarcerated for convictions of Criminal Trespass III, Theft of Property III, and Possession of Drug Paraphernalia.  Apparently, he had been sentenced originally to serve those sentences concurrently with time he was serving for the County.   However, he was released early by the County. He was subsequently picked up and brought to the City Jail October 30, 2005, to serve the remainder of his sentence.

During the time he was housed in the jail from October 30 until February 17, 2006, when released, he was routinely offered medication at least three to four times a day.  He would sometimes refuse his medication. He was frequently taken for outside medical attention.

He had a scheduled eye appointment December 1st made by his mother, but refused to go. The Medication Record shows that at 7:45 a.m. on December 3, 2005, he was offered medication by Jailer, LaTanya Gary but refused.  Plaintiff did take his prescription medication at approximately 1:15.  At 5:40 p.m. he again refused medication, this time offered by Sharon Williams.  Plaintiff did take medication offered by her at about 8:50 p.m.  On December 4, Gary was making her rounds.  Plaintiff wanted to have his sugar and blood pressure checked.  Because of the reading, the EMT's were called.  They arrived and plaintiff's blood pressure was checked again, and he was immediately taken to the Emergency Room for further evaluation.

Plaintiff was returned to the Jail.  At 1:00 p.m. that day he again refused

medication. He did take his medication when offered by Ms. Williams at 6:55 p.m. and 9:10 p.m.

The Jail is inspected by the Department of Corrections and also the State Fire Marshall. These inspections usually take place once a year. Attached as exhibits to Wilson's affidavit are the last reports. The jail has not been cited for lack of a sprinkler system nor ordered to install one. It has passed all inspections of which I am aware. As noted by the last DOC inspection, the safety features at the jail are good and the ventilation system meets standards.

## NO CAUSAL CONNECTION

A plaintiff must demonstrate a casual connection between the alleged action or inaction of the defendants and the alleged constitutional deprivation. Swint v. Wadley 51 F.3d 988 (11th Cir. 1995). The requisite casual connection may be shown by the personal participation of the Defendant, a policy established by the Defendant resulting in indifference to constitutional rights, or a breach of a duty imposed by state or local law which results in constitutional injury. Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). Plaintiff fails to allege any involvement whatsoever by Wilson, Sgt. Clark, Cpt. Huskey, or Chief Mangham. Plaintiff has alleged no facts whatsoever that Wilson, Sgt. Clark, Cpt. Huskey, and Chief Mangham were in any way involved in the actions he claims were constitutionally infirm; thus, such claim has no merit and is due to be dismissed against Wilson, Sgt. Clark, Cpt. Huskey, and Chief Mangum.

Plaintiff also sued Ms. Williams and Mr. Dykes. Specifically as to his complaints on December 3rd there is no documentation any request was made to Mr. Dykes for

medication. As evidenced by his Affidavit, Dykes denies refusing plaintiff medication. Further, the documentation shows that Ms. Williams offered plaintiff medication on at least two occasions on that date and that he refused it once

## NO SUPERVISORY LIABILITY

Plaintiff sued Ms. Wilson, Sgt. Clark, Cpt. Huskey, and Chief Mangham, all supervisors. There is no complaint by the plaintiff he requested any of these to dispense any medication. As supervisors, they cannot be liable on the basis of respondent superior but only in the event of personal participation or ratification. (See McLaughlin v. City of La Grange 662 F.2d 1385 (11th Cir. 1981)).

## PLAINTIFF WAS NOT DENIED MEDICAL TREATMENT

In order to prevail on this claim, Plaintiff must establish Defendants were deliberately indifferent to a serious medical need. *See* Estelle v. Gamble 429 U.S. 97 (1976). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Laaman v. Helgemoe 437 F.Supp. 269 (D.N.H. 1977). A delay in access to medical treatment that is "tantamount to unnecessary and wanton infliction of pain" may constitute deliberate indifference to a prisoners serious medical needs. Brown v. Hughes 894 F.2d 1533, 1537 (11th Cir. 1990). Where the delay results in an inmate's suffering a "life long handicap or permanent loss, the medical need is considered serious." Hill v. Dekalb Regional Youth Detention Center 40 F.3d 1176 (11TH Cir. 1994). An inmate who complains of a delay in medical treatment which rises to a constitutional violation must place verifying

medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. See Hill, *supra.* Plaintiff's claim is without merit. Moreover Defendants are entitled to qualified immunity. See Hill, *supra.*

In this instance the evidence established plaintiff was routinely offered medication three to four times a day during his incarceration. The documentation also shows that on numerous occasions he was taken for outside medical treatment. Specifically, on December 3rd the date about which he complains, he was offered medication at approximately 7:45 a.m. which he refused; 1:15 p.m. which he took; 5:40 p.m. which he refused; and 8:50 p.m. which he accepted. On the morning of December 4, plaintiff was taken to the Emergency Room for further evaluation based on his blood pressure reading. After he returned he again refused his medication at 1:00 p.m. Plaintiff's complaints of lack of medical attention are patently frivolous.

### **THE CONDITIONS ARE NOT UNCONSTITUTIONAL**

Plaintiff complains about the conditions of the jail. Defendants submit that Plaintiff is barred by the Prison Litigation Reform Act (PLRA) because he has not suffered any physical injury as a result of the allegations in his complaint. 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions. The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.
> 42 U.S.C. § 1997e(e)

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the injuries do not have to be significant.  Harris v. Garner 190 F.3d 1279, 1286 (11th Cir.), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (en banc).  In the present action, plaintiff suffered no physical injury as a result of the allegation described in his Complaint and this case is due to be dismissed.

Additionally, there is no merit to Plaintiff's claims. Two outside regulatory agencies made inspections of the jail during the relevant time period and found none of the conditions about which Plaintiff complained to exist.  Further, none of the people sued designed nor constructed the jail.

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Public officials, like Defendants here, are protected in their individual capacity by qualified immunity as long as "a reasonable officer could have believed [his actions] to be lawful, in light of *clearly established law* and the information [that the officer] possessed."  Anderson v. Creighton, 483 U.S. 635, 636 (1987) (emphasis added). The Eleventh Circuit of Appeals has observed, "[t]hat qualified immunity protects governmental actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities.*" Lassiter v. Alabama A & M Univ., 28 F.3d 1146 (11th Cir. 1994) (en banc) (emphasis in original) (footnote omitted).

Our circuit has divided consideration of qualified immunity into two "prongs" of analysis as articulated in Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983).

> First, "the defendant government official must prove that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" Sammons v. Taylor, 967 F. 2d 1533, 1539 (11th Cir. 1992) (quoting Zeigler, 716 F.2d at 849). "[T]hen the burden shifts to the plaintiff to demonstrate that the defendant violated clearly established constitutional law." Id. (quoting Zeigler, 716 F. 2d at 849).

Jordan v. Doe, 38 F. 3d 1559, 1565 (11th Cir. 1994).

Once it is established that the Plaintiff has stated a claim and that the Defendants were acting within his discretionary authority, the Court then considers whether the contours of the constitutional right allegedly violated were "clearly established." In making this assessment, the reviewing court must examine the stat of law *at the time the alleged deprivation occurred*. See Rodgers v. Horsley, 39 F. 3d 308, 311 (11th Cir. 1994); Adams v. St. Lucie County Sheriff's Dep't, 962 F. 2d 1563, 1578 (11th Cir. 1992) (Edmondson, J., dissenting), rev'd and reasoning of original dissent adopted, 998 F. 2d 923 (11th Cir.1993) (en banc).

Not only must the "clearly established" law pre-date the subject incident, the law must be relatively "fact specific" and "so particularized" that it would have been obvious or "apparent" to the defendant that his actions were unlawful. See Rodgers, 39 F.3d at 311; Hansen v. Soldenwagner, 19 F. 3d 573, 575 (11th Cir. 1994) (both reversing denial of qualified immunity). As the Eleventh Circuit has explained, "[a] plaintiff cannot rely on … 'broad legal truisms' to show that a right is clearly established …'[i]f case law, in factual terms, has not staked out a bright line, qualified

immunity almost always protects the defendant.'" Kelly v. Curtis, 21 F.3d 1544, 1550 (11th Cir. 1994) (reversing denial of qualified immunity as to some defendants) (quoting Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1992)). While the facts of prior cases establishing the law in a particular context need not be identical, they must be at least "materially similar." Adams, 862 F.2d at 15775 (Edmondson, J., dissenting) (approved en banc, 998 F.2d 923). This case law must "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Id. at 1150.

### PLAINTIFF'S CLAIMS ARE BARRED BY DECISION OF U. S. SUPREME COURT

To the extent that Plaintiff prays for relief in the form of dismissal of all charges against him, for his release from confinement, or any other relief that would necessarily imply invalidity of his sentence or conviction, these claims must be denied. See Heck v. Humphrey, 512 U.S. 477 (1994): "[W]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

### PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF ARE DUE TO BE DENIED

Plaintiff is no longer incarcerated in the City jail. In light of that any claims for injunctive relief are due to be dismissed as moot. See County of Los Angeles v. Davis 440 U.S. 625 (1979); Cotterall v. Paul 755 F.2d 777 (11th Cir.1985).

## CONCLUSION

It is clear defendants did not violate any of plaintiff's Constitutional rights.

Plaintiff's complaint is patently frivolous and due to be dismissed.

/s/   Randall Morgan
RANDALL MORGAN [8350-R70R]
Attorney for named Defendants

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO
  COLE & BLACK, P.C.**
425 S. Perry Street
Montgomery, AL 36104
(334) 834-7600
(334) 263-5969…Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of February, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to any interested person. I further certify that I have mailed a true and correct copy of the foregoing by U.S. Mail, prepaid, to the following non-CM/ECF participant:

Johnny Darrell Clark
501 South 10th Street
Opelika, AL 36801

/s/ Randall Morgan

-9-